# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| VICKIE INGRAM et al. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-1749-S |
| | § | |
| C.R. BARD INCORPORATED et al. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiffs' Unopposed Motion to Sever and Transfer Venue of Out-of-State Plaintiffs' Cases [ECF No. 20]. Defendants filed a Response to the Motion, stating that they do not oppose severance and transfer of the cases identified in the Motion. *See* ECF No. 23. For the following reasons, the Court **GRANTS** the Motion.

### I.  PROCEDURAL BACKGROUND

Plaintiffs filed this action in the state district court. *See* Notice of Removal Ex. D-2. Defendants timely removed the case to this Court based on diversity of citizenship. *See* Notice of Removal. Plaintiffs filed the pending Motion on August 6, 2020, which is now ripe and pending before the Court.

### II.  SEVERANCE

A court has broad discretion to sever issues under Rule 21, *see Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994), and that discretion similarly allows for the severance and transfer of parties in the interest of justice, *see Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 361-62 (5th Cir. 1974). "In the situation where venue is proper for one defendant but not for another and dismissal is inappropriate, the district court . . . may sever the claims, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district." *Carnival Corp. v. Tug W.O. Watson*, No. Civ. A. 02-2375, 2003 WL 943633, at *1 (E.D. La. Mar. 5, 2003) (citation omitted); *see also Stewart v. Livingston*, Civ. A.

No. H-14-1483, 2014 WL 4975434, at *5 (S.D. Tex. Oct. 3, 2014) (citation omitted) ("The Court . . . has broad discretion to sever and transfer issues that should be tried in another district."). Defendants agree with Plaintiffs' request to sever the cases. Accordingly, the Court exercises its discretion and finds that severance of the out-of-state plaintiffs is in the interest of justice.

### III.  TRANSFER

A district court may transfer any civil action to any other district or division in which it might have been brought for the convenience of the parties and witnesses, if such transfer is in the interest of justice. *See* 28 U.S.C. § 1404(a). The moving party bears the burden of demonstrating that a transfer of venue is warranted for convenience purposes. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). The movant's burden is to show "good cause" for transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (hereinafter, "*Volkswagen II*"). The Fifth Circuit explained:

> Th[e] good cause burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled. When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice.

*Id*. (internal quotation marks omitted). The determination of venue transfer pursuant to § 1404(a) is within the district court's sound discretion, exercised "in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001) (citing *Radio Santa Fe v. Sena*, 687 F. Supp. 284, 287 (E.D. Tex. 1988))). In doing so, the court must balance the two categories of interest—private and public—to resolve whether the movant has carried his burden. *Volkswagen II*, 545 F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance

2

for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) (hereinafter, "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*.

Plaintiffs request this Court to transfer the out-of-state plaintiffs to the jurisdictions in which they had surgery for the implantation of their Bard inferior vena cava filter. *See* Br. in Supp. of Mot. ("Br.") 7. The identified cases might have been brought in those jurisdictions because that is where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). With respect to the private and public interest factors, Plaintiffs assert that the out-of-state plaintiffs have essentially no connection to the state of Texas. *See* Br. 8-9; Pls.' App. They reside outside of Texas, they were not implanted with a Bard inferior vena cava filter in Texas, and essentially all of their medical treatment took place outside of Texas. *See generally* Br. In summary, none of the out-of-state plaintiffs have any connection whatsoever to the Dallas Division of the Northern District of Texas, based on the evidence presented to the Court.

Plaintiffs also assert (and Defendants do not dispute) that the proposed transfer jurisdictions correspond with many of the out-of-state plaintiffs' residences. *See* Mot. 1. Moreover, the out-of-state plaintiffs received at least some medical care in that jurisdiction. *See id*. Thus, the private and public interest factors weigh in favor of transfer, as (1) transfer will allow for ease of access to sources of proof; (2) medical provider witnesses should be accessible through service of process; (3) travel costs should be minimized; and (4) there is a local interest due to those plaintiffs' residences. *See Volkswagen I*, 371 F.3d at 204.

3

The Court notes that while Defendants agree that Plaintiffs Maydelin Espinoza's ("Espinoza"), Merrylene Green's ("Green"), Pamela Hale's ("Hale"), Vandlean Mosier's ("Mosier"), Albert Noel's ("Noel"), Nancy Prescott's ("Prescott"), and Melba Wooten's ("Wooten") cases should be severed and transferred, they assert that the record is insufficient to determine the appropriate state of transfer. *See* ECF No. 23. Regardless, the record is undisputed, and the Court finds as follows:

- Espinoza resides in Miami, Florida, *see* Pls. App. 002, and she received at least some medical treatment in Miami, Florida, *see id.* at 005;

- Green resides in Yulee, Florida, *see id.* at 002, and she received at least some medical treatment in Jacksonville, Florida, *see id.* at 016;

- Hale resides in Ashland, Kentucky, *see id.* at 002, and she received at least some medical treatment in Greenup, Kentucky, *see id.* at 024;

- Mosier resides in Chico, California, *see id*. at 003, and he received at least some medical treatment in Chico, California, *see id.* at 046;

- Noel resides in Vacherie, Louisiana, *see id.* at 004, and he represented to the Court that "to the best of [his] recollection, the implant of his Bard G2 IVC Filter occurred at Our Lady of the Lake Regional Medical Center in Baton Rouge, Louisiana, *see* ECF No. 24.

- Prescott resides in Clarksville, Tennessee, *see* Pls. App. 004, and she received at least some medical treatment in Nashville, Tennessee, *see id.* at 051; and

- Wooten resides in Broxton, Georgia, *see id.* at 004, and she received at least some medical treatment in Douglas, Georgia, *see id.* at 069.

4

Therefore, the Court finds that the public and private interest factors similarly weigh in favor of transfer with respect to those plaintiffs. Defendants agree that Plaintiff has identified the proper transferee district for the remaining out-of-state plaintiffs.

As a result, the Court finds that Plaintiffs have met their burden to clearly demonstrate that the proposed jurisdictions are more convenient forums for the parties and witnesses than the Dallas Division of the Northern District of Texas. *See* 28 U.S.C. § 1404(a); *Volkswagen II*, 545 F.3d at 315. Accordingly, based on the agreement of counsel and the undisputed representations by Plaintiffs' counsel, the Court **GRANTS** the Motion and directs the Clerk of the Court to sever and transfer this action as follows:

a. Plaintiff Maydelin Espinoza's case be severed and transferred to the Miami Division of the Southern District of Florida;

b. Plaintiff Ana Gomez's case be severed and transferred to the Fort Myers Division of the Middle District of Florida;

c. Plaintiff Merrylene Green's case be severed and transferred to the Jacksonville Division of the Middle District of Florida;

d. Plaintiff Phillip Grimes's case be severed and transferred to the Louisville Division of the Western District of Kentucky;

e. Plaintiff Pamela Hale's case be severed and transferred to the Ashland Division of the Eastern District of Kentucky;

f. Plaintiff Saladeem Hines's case be severed and transferred to the Manhattan Division of the Southern District of New York;

g. Plaintiff Bridgette Ismond's case be severed and transferred to the Tampa Division of the Middle District of Florida;

    h.  Plaintiff Spencer Knowles's case be severed and transferred to the Muskogee Division of the Eastern District of Oklahoma;

    i.  Plaintiff Samantha Mlsna's case be severed and transferred to the Madison Division of the Western District of Wisconsin;

    j.  Plaintiff Kenneth Moore's case be severed and transferred to the Kansas City Division of the District of Kansas;

    k.  Plaintiff Vandlean Mosier's case be severed and transferred to the Sacramento Division of the Eastern District of California;

    l.  Plaintiff Albert Noel's case be severed and transferred to the Eastern District of Louisiana;

    m.  Plaintiff Nancy Prescott's case be severed and transferred to the Nashville Division of the Middle District of Tennessee;

    n.  Plaintiff John Reynold's case be severed and transferred to the Atlanta Division of the Northern District of Georgia;

    o.  Plaintiff Eddie Tate's case be severed and transferred to the Chattanooga Division of the Eastern District of Tennessee;

    p.  Plaintiff Melba Wooten's case be severed and transferred to the Waycross Division of the Southern District of Georgia.

Plaintiff Vickie Ingram is the sole plaintiff with any connection to this forum. Accordingly, she shall remain in the Dallas Division of the Northern District of Texas.

    **SO ORDERED.**

    SIGNED August 31, 2020.

*[signature: Karen Gren Scholer]*

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE